MIGUEL FUENTES, Plaintiff and Appellee, *v.* PROVIDENCIA GANETTY, Defendant and Appellant.

No. 4158.   Argued June 10, 1927.—Decided February 15, 1929.

*Francisco Soto Gras* for the appellant.   *Bolívar Pagán* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Consideration of the present case has been delayed in this court by the excess of work before us, in which frequently preference has to be given to matters submitted more recently.

At Stop 26½ on the road from San Juan to Santurce a collision occurred between the jitney called Puerto Rico which was coming towards San Juan and another jitney called Suprema Special traveling in the opposite direction, with the result that a youth who was a passenger on the Puerto Rico had an arm broken. The young man's father brought an action in the name of his son against Providencia Ganetty as the owner of the jitney called Suprema Special, claiming damages on the ground that the collision was due exclusively to the negligence of the defendant's chauffeur in driving at the speed of more than 48 kilometers per hour and in attempting to pass an automobile with which he was racing upon nearing the jitney called Puerto Rico. The defendant opposed the claim and after trial judgment was rendered for the plaintiff for $2,000 and the costs. From that judgment this appeal was taken.

All of the assignments of error made by the appellant in support of the appeal refer to the sufficiency of the evidence to support the judgment, and so it is said in the first of them that there was not sufficient justification for the finding of the court that the defendant was the owner of the jitney called Suprema Special.

Luis Fajardo testified at the trial that when he served the summons on defendant Providencia Ganetty she admitted that she was the owner of the jitney called Suprema Special. If the court believed that testimony it was sufficient to prove that fact and to relieve the plaintiff from introducing any other kind of evidence to prove the ownership, for statements made out of court by a party are universally admissible as evidence against that party. Wigmore on Evidence, 2nd ed., vol. 2, p. 504. Babbit's Law Applicable to Motor Vehicles, 3rd ed., p. 3309, sec. 2139. The defendant did not deny at the trial the admission attributed to her and this created a strong presumption that she made it. 10 R. C. L. 887, sec. 36. Witness Bolívar Pagán also testified in regard to the

ownership, but his testimony· was so manifestly hearsay that it was properly stricken out. Policeman Luis Ledée, another ·witness, testified that he went immediately to the place of the occurrence and that the chauffeur of the Suprema Special, Sixto Vargas, told him that the jitney belonged to Providencia Ganetty, but that testimony was stricken out by the trial court on the ground of its being hearsay. Although the appellee says that in this appeal we should consider that testimony as admissible and hold that it had been stricken out improperly because it formed a part of the *res gestae* and cites authorities in support of his contention, we can not take it into consideration in deciding this appeal because even if its elimination had been improper the ruling of the trial court made it unnecessary for the defendant to offer evidence in rebuttal. Independently of what has been said, we doubt whether the defendant sufficiently denied the sworn allegation of the complaint that the Suprema Special belonged to her, for her denial on that point was to deny that she was not the owner.

The second ground of the appeal is that the court erred in finding that chauffeur Sixto Vargas who was driving the Suprema Special at the time of the accident was an employee of the defendant acting within the scope of his employment.

It appears to have been proved clearly that Sixto Vargas was driving the Suprema Special as a public conveyance for passengers at the time of the accident. At the trial he testified that he was employed as chauffeur by Providencia Ganetty and although the testimony of an agent is not proof of the agency, yet such agency may be deduced from the circumstances in each case. As he was driving the public service jitney belonging then to the defendant, and as the owner was legally bound as a public carrier in the transportation of passengers in a jitney to employ a chauffeur, if the owner thereof was not driving ·it personally, it may be inferred therefrom that Sixto Vargas was driving the jitney as the agent of the owner (2 Corpus Juris, p. 435, par. 32)

and in corroboration of this *prima facie* conclusion is the fact that the defendant failed to offer evidence in rebuttal and remained silent at the trial. 2 Corpus Juris, p. 444. Agency and the powers of an agent may be proved by facts and circumstances, like any other fact, and it is unnecessary to show an express contract of agency in order to establish the relation between principal and agent, it being possible to deduce that relation from the circumstances of the case. Babbit, *supra*, p. 733, par. 1159.

The three following assignments of error may be considered together, as has been done by the appellant:

"Third.—The court erred in finding that the accident was caused by the negligence of the defendant.

"Fourth.—The court erred in finding that such negligence was proved by a preponderance of the plaintiff's evidence.

"Fifth.—The court erred in finding that the plaintiff received the injury complained of by reason of the defendant's negligence."

In order to show how the accident occurred the plaintiff presented his own testimony, that of his attorney who was a passenger in the Puerto Rico, and that of Miguel Pujals, another passenger in it. According to their testimony the youth Miguel Fuentes was seated on the left rear side seat of the vehicle, but turned to one side and looking in front of him, and was thrown by the impact to the road whence he was taken up with the cubital bone of his left arm broken. The attorney and the other witness were seated on the cross seats of the jitney which permitted them to look ahead, and both said that the Suprema Special was approaching at great speed in a race with another automobile, and that when the Puerto Rico was getting near, driven along the right side of the road, the jitney of the defendant tried at that moment to pass the car on its left side, and that although the Puerto Rico drove to the right almost to the sidewalk, there was a collision between its rear and the front part of the other. The other witness made similar statements. The theory of the defendant, according to her witnesses consisting of the

chauffeur and collector of the jitney and another chauffeur who was traveling as a passenger, was that the jitney was not racing with the other car, which kept always ahead, but that when that automobile stopped and it attempted to pass on the left the collision occurred because the Puerto Rico was driving along the middle of the road instead of on the right. Chauffeur Julio de Jesús, who was a passenger, testified that the car was driving behind the Suprema Special and got ahead of it and then the jitney tried to pass it and the collision occurred. The trial court before which the witnesses testified gave credit to those for the plaintiff and stated some of the reasons for doing so, and although the appellant strongly criticises that decision and the grounds on which it rested, we understand that it means after all that the court believed the witnesses for the plaintiff, but not those for the defendant, on the cause of the accident. We have examined the evidence and find no ground for holding that the said decision was manifestly erroneous. Anyhow, even granting that the Puerto Rico traveled along the middle of the road, the proximate cause of the collision was the attempt of the Suprema Special to pass the car at a moment when there was no room owing to the proximity of the other jitney coming in the opposite direction.

Another assignment is that the court erred in allowing the plaintiff two thousand dollars as damages. We have said that the plaintiff had his left arm broken, but it was completely restored after being treated for forty or fifty days. It appears from the evidence that usually such a fracture causes physical sufferings and the plaintiff testified that he had them. It has been shown also that he had had to discontinue a course that he was following to graduate as a rural school teacher, which he expected to do a few months later, because he was prevented from undergoing the required practical agricultural training by reason of his broken arm. There is no evidence that he was prevented from earning any money by his broken arm, or as to his prospective

earnings if he had secured then his diploma as rural school teacher, nor as to the expense of the treatment; therefore, from such circumstances, from the evidence and in accordance with the holdings in *Flores* v. *Successors of Pérez Bros.*, 29 P.R.R. 277, we find that two thousand dollars as damages is excessive and that one thousand dollars is a reasonable amount.

The seventh assignment of error refers to the imposition of the costs on the defendant, or at least without excluding therefrom the attorney's fees.

Although the lower court did not state the grounds for that part of its judgment, the facts of the case show that the defendant acted with temerity in opposing the claim of the plaintiff. If that opposition had been limited to the amount of damages claimed, which was reduced by the court, the appellant then would have been in a position to argue whether or not the costs should have been imposed on her.

The eighth and last assignment of error refers to the rendition of the judgment. Clearly, it is a consequence of the other errors alleged and decided, and as the appellant merely assigned it without any argument, we shall not discuss it.

The judgment appealed from should allow one thousand dollars as damages to the plaintiff and as so modified it is affirmed.